[No. 79187-2.   En Banc.]
Considered July 11, 2007.     Decided July 19, 2007.

PREVIEW PROPERTIES, INC., *Respondent*, v. BRAD LANDIS, *Petitioner*.

*James M. Thomas* (of *Williams Kastner & Gibbs*), for petitioner.

*Gary W. East*, for respondent.

¶1 PER CURIAM — We partially grant D. Bradley Landis's petition for review of a Court of Appeals decision reversing in its entirety a judgment in favor of Landis in a real estate dispute. We agree the Court of Appeals improperly reversed the entire judgment. Accordingly, we reverse in part and remand to the trial court for further proceedings.

## FACTS

¶2 On March 3, 2000, Landis entered into an agreement to sell vacant land to Layne Sapp. The agreement provided a closing date of April 29, 2000. Jess Stansberry, a real estate agent for Preview Properties, Inc., represented Sapp. Sapp paid $5,000 in earnest money, which Preview deposited into its trust account.

¶3 Stansberry asked Landis to extend the closing date to May 12, 2000. Landis agreed and signed an extension. Stansberry asked for a second extension to May 16, and again Landis agreed and signed a modified agreement. But Sapp did not sign either of the extension agreements, although Stansberry told Landis that Sapp had signed. Without Sapp's signature, the original closing date of April 29, 2000, remained in effect, and the agreement expired when that date passed without closing.

¶4 By June 12, 2000, both Landis and Sapp had demanded the earnest money. On August 10, Preview initiated an interpleader action to settle the demands. Landis filed a cross claim against Sapp for the earnest money and a counterclaim for damages against Preview, alleging vari-

ous claims including statutory and common law conversion, violation of the Consumer Protection Act (CPA) (chapter 19.86 RCW), and violation of duties imposed under the real estate licensing statutes. Landis and Sapp later stipulated that Landis was entitled to the earnest money, and the trial court dismissed the cross claim against Sapp.

¶5 Landis pursued his counterclaims against Preview. The trial court granted Landis's motion for partial summary judgment on his claims of common law and statutory conversion, leaving damages and other legal claims for trial.

¶6 After a two-day bench trial, the court concluded that Preview breached its fiduciary and statutory duties, violated the CPA, and committed common law and statutory conversion by failing to timely return or interplead the earnest money funds after demand. The court awarded Landis damages totaling $60,773.00, and attorney fees and costs totaling $66,482.64. The court also issued a permanent injunction requiring Preview to release earnest money it held in trust or to interplead the funds within 30 days after receiving a demand, as required by RCW 18.85.230(5).

¶7 Preview appealed, challenging the trial court's judgment on Landis's claims for conversion and CPA violations.[1] The Court of Appeals held for Preview, concluding that Preview's delay in interpleading the earnest money did not amount to common law conversion, that the statutory time limit for filing an interpleader did not create a private cause of action, and that the public interest impact element of a private CPA claim had not been met. Preview did not challenge, and the Court of Appeals did not address, the judgment for Landis on his claim for breach of statutory broker licensee duties. Nonetheless, the Court of Appeals reversed the entire judgment in favor of Landis.

¶8 We grant review only of the issue of whether the Court of Appeals properly reversed the entire judgment.

---

[1] Notably, Preview did not assign error to several of the trial court's findings on Landis's other claims.

## ANALYSIS

¶9 Landis correctly argues that the Court of Appeals erroneously reversed the entire judgment. The Court of Appeals opinion addresses only the trial court's rulings on Landis's CPA and conversion claims, reflecting Preview's characterization of the issues on appeal. Preview did not assign error to key findings of the trial court that addressed damages awarded to Landis for breach of common law fiduciary duties and the duties of real estate broker licensees under RCW 18.86.030.

¶10 Preview argues that Landis's assertion of a claim under RCW 18.86.030 is newly raised in response to the Court of Appeals reversal on his CPA claim. But that is not so. Landis's counterclaim against Preview asserted a separate claim for damages based on violation of "licensing statutes," and Landis's trial brief contained a separate claim for Preview's alleged "breach of its fiduciary and statutory duties." *See* Clerk's Papers (CP) at 4, 191, 194. Landis argued in part that Preview's conduct violated RCW 18.86.030, referring to an attached copy of that statute. *See* CP at 199, 204. Landis's theory at trial was that Preview acted improperly in three ways: (1) it knowingly misrepresented to Landis that Sapp had signed extensions on two occasions; (2) it withheld the earnest money after demand; and (3) while retaining the money, Preview pressured Landis to relinquish any claim to it in favor of Sapp. Landis asserted that the retention of the money amounted to conversion, that Preview's noted actions amounted to fiduciary and statutory violations, and that because these actions occurred in the course of Preview's business, they also violated the CPA. *See* CP at 194, 199. He argued that these actions resulted in delayed sale of the property with resulting interest payments.

¶11 Relevant to present purposes, the trial court's unchallenged findings indicate that Preview's agent knowingly misrepresented to Landis that Sapp had signed two

extensions of the closing deadline, that Landis reasonably relied on those representations, and that Preview's management personnel disregarded or failed to understand the obligations of a broker licensee under RCW 18.86.030. *See* CP at 346 (Findings 13, 14), 348 (Finding 28). The statute describes in relevant part the duties of a licensee to "deal honestly and in good faith" with all parties, and to "disclose all material facts" known by the licensee and not apparent to a party. RCW 18.86.030(1)(b), (d). Notably, the Court of Appeals decision does not mention RCW 18.86.030.

¶12 Further, the trial court's findings and conclusions indicate that Preview "breached its fiduciary and statutory duties" and "did not deal honestly and in good faith" in the course of its dealings with Landis. CP at 349 (Conclusions 4-7). The court further found that as a proximate result of Preview's conduct, Landis was required to make additional interest payments on the property in the net amount of $57,708. *See* CP at 347 (Findings 20-25). Accordingly, the court awarded Landis $57,708 "for breaches of [Preview's] duties." *Id.* (Finding 25(a)).[2] The trial court additionally determined that because Preview's actions, including the breaches of its fiduciary and statutory duties, occurred in the course of its business dealings and were "detrimental to the public interest," Preview violated the CPA. *See* CP at 349 (Conclusion 8). On that basis, the court made a separate award for attorney fees and costs incurred in connection with Landis's CPA claim. *See* RCW 19.86.090.

¶13 On review, the Court of Appeals reversed the trial court's CPA determination on the narrow ground that Landis had failed to establish the public interest impact element of his CPA claim. *See Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780, 719 P.2d 531 (1986) (plaintiff must establish all five elements of a private CPA action to be entitled to attorney fees). The Court of Appeals agreed with the trial court,

---

[2] The court also awarded "$65 for conversion," "$3,000 in lost time and unnecessary expense," and attorney fees and costs, which the court addressed elsewhere. CP at 347 (Finding 25(b)-(d)).

however, that Preview's misrepresentations to Landis were "unethical" and "unfair" and that the "facts establish wrongdoing by Preview Properties in the course of its business with Landis." *Preview Props., Inc. v. Landis*, noted at 130 Wn. App. 1050, slip op. at ¶¶ 15, 21. Thus, the Court of Appeals reversal of Landis's CPA claim appears to have had no effect on the trial court's damages award for "breaches of [Preview's] duties." CP at 347. Nevertheless, to the extent that the basis for the trial court's award might be considered ambiguous, we remand to the trial court to perform any necessary segregation among the claims.

¶14 Accordingly, we reinstate the judgment for Landis on his successful unchallenged claims. We also reinstate the $3,000 award for "lost time and unnecessary expense" because that award was supported by the record and was not addressed by the Court of Appeals. Likewise, because the Court of Appeals did not address the permanent injunction, the injunction is reinstated. On remand, the trial court will award fees and costs as the court deems appropriate regarding Landis's surviving claims. *See Travis v. Wash. Horse Breeders Ass'n*, 111 Wn.2d 396, 411, 759 P.2d 418 (1998) (trial court must segregate time spent on CPA claim and other legal theories); *see also Smith v. Behr Process Corp.*, 113 Wn. App. 306, 344-45, 54 P.3d 665 (2002) (remanding for required segregation of fee award among CPA and other claims). Finally, we deny Landis's request for fees on appeal because he fails to provide the required supporting argument. *See* RAP 18.1(b).

## CONCLUSION

¶15 The Court of Appeals decision purports to reverse the entire judgment in Landis's favor. But since the court's opinion addresses only the trial court's judgment on Landis's CPA and conversion claims, we reverse the Court of Appeals decision in part and reinstate the award of damages on Landis's remaining claims as indicated. We

also reinstate the trial court's permanent injunction. This case is remanded to the trial court for further proceedings consistent with this opinion.

After modification, further reconsideration denied September 21, 2007.

[No. 78889-8. En Banc.]
Argued June 26, 2007. Decided September 6, 2007.